UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY CANTY,                                    DEMAND FOR JURY TRIAL
        Plaintiff,

-vs.-

EQUITYEXPERTS.ORG, LLC,
        Defendant.
_____

## <u>COMPLAINT AND JURY DEMAND</u>

NOW COMES THE PLAINTIFF, CINDY CANTY, THROUGH

COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D.

NITZKIN, and for her Complaint against the Defendant pleads as follows:

## <u>JURISDICTION</u>

1. This is an action for damages, brought against a debt collector for violating
   the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq.
   ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq.
   ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq.
   ("MOC").

2. This court may exercise supplemental jurisdiction over the related state law
   claims arising out of the same nucleus of operative facts which give rise to
   the Federal law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Defendant's principal place of business is in the County of Oakland, State of Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Mechanicsville, Virginia. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

6. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

7. Defendant was attempting to collect a consumer debt allegedly owed by Plaintiff to Kings Charter Owners Association, Inc., ("the Association") in the approximate amount of $1,228.69 ("the alleged Debt").

8. In February 2016, Mrs. Canty setup automatic payments of $150.00 to pay her HOA dues to the Association.

9. In November 2016, Mrs. Canty noticed the Association stopped withdrawing payments from her account for her HOA dues.

10. Mrs. Canty then contacted the Association but she was unable to reach her case manager.

11. On or about December 8, 2016, Plaintiff received a statement from Defendant showing the following excessive charges:

   a. An "FDCPA Compliance Assurance/Pre-Lien" fee was charged on 09/26/2016 in the amount of $270.00;

   b. An "Escalated Outreach (EDO) Service" fee was charged on 11/07/2016 in the amount of $350.00;

   c. An "EDO 2" fee was charged on 11/23/2016 in the amount of $100.00; and

   d. An "EDO 3" fee was charged on 12/05/2016 in the amount of $100.00.

12. On or about December 29, 2016, Mrs. Canty received a package at her door from HLE Law Group PLLC ("HLE") which included a Notice and Motion for Judgment, Creditor's Affidavit and Account Statement. The cover letter stated the enclosed items were sent to Hanover General District Court for filing.

13. In January 2017, Mrs. Canty got in touch with her case manager. When she met with the case manager, the case manager told her she had to come up

with $2,400.00. Mrs. Canty agreed to pay $448.51 monthly to Defendant to pay off the alleged Debt.

14. On January 3, 2017, Defendant filed a lawsuit against Mrs. Canty in the amount of $1,228.69 for the alleged Debt.

15. On January 30, 2017, Mrs. Canty paid Defendant $448.51.

16. On February 27, 2017, Mrs. Canty paid Defendant $448.51.

17. On or about February 28, 2017, Mrs. Canty received a letter from HLE that the hearing for judgment set for February 27, 2017, was continued to May 22, 2017.

18. In March 2017, Mrs. Canty paid Defendant $448.51.

19. In April 2017, Mrs. Canty paid Defendant $1,000.00.

20. On or about May 18, 2017, Mrs. Canty received a letter from HLE that the hearing for judgment set for May 22, 2017, was continued to August 21, 2017.

21. In June 2017, Mrs. Canty paid Defendant $406.04.

22. On or about June 16, 2017, Mrs. Canty received a paid in full letter from Defendant. The paid in full letter did not mention the accumulative amount that was paid.

23. Mrs. Canty has suffered pecuniary and emotional damages as result of Defendant's actions.

## <u>COUNT I</u>
## <u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

24. Plaintiff reincorporates the preceding allegations by reference.

25. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

26. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

27. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a.  15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive and unlawful fees, and overcharging for services allegedly performed by Defendant;

    b.  15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of the alleged Debt, charged excessive fees, and overcharged for services allegedly performed by Defendant;

    c.  15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive and unlawful fees, and overcharging for services allegedly performed by Defendant; and

    d.  15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive and unlawful fees for the alleged Debt, and overcharging for services allegedly performed by Defendant.

29. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant for actual damages, statutory damages, costs, interest, and attorneys' fees.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

30. Plaintiff incorporates the preceding allegations by reference.

31. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

32. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

33. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

  a. MCL § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging excessive fees.

  b. MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

34. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

35. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant for actual damages, statutory damages, costs, interest, and attorneys' fees.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

36. Plaintiff incorporates the preceding allegations by reference.

7

37. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

38. Plaintiff is a "consumer" as that term is defined at MCL § 445.251.

39. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging excessive fees; and

   b. MCL § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

40. Plaintiff has suffered damages as a result of these violations of the MCPA.

41. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant for actual damages, statutory damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

Dated: August 24, 2017   /s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD P68710
CARL SCHWARTZ P70335
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com